UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FLEMMING | : |
| Plaintiff, | : |
| | : No. 3:19-cv-01400-VLB |
| v. | : |
| | : |
| C R BARD, INC. | : February 5, 2021 |
| Defendant. | : |

**MEMORANDUM OF DECISION ON DISCOVERY DISPUTE**

On January 26, 2021, the Court conducted a telephonic hearing of the parties' discovery dispute as to whether the Defendants should be entitled to depose one of the Plaintiff's consulting experts who ordered a CT scan of the Plaintiff. During that teleconference, the Court stated on the record that the Defendant is not entitled to depose the Plaintiff's consulting expert. This memorandum of decision memorializes that decision in writing and further articulates the reasons supporting the Court's conclusion.

I.   BACKGROUND

The underlying action involves claims for, *inter alia*, products liability and negligence against the Defendant relating to an Inferior Vena Cava ("IVC") Filter manufactured by the Defendant. Compl., Dkt 1; Remand, Dkt. 4. The complaint was transferred to the District of Arizona to be a part of an ongoing multidistrict litigation proceeding ("MDL"). Transfer, Dkt. 2; Remand. Then in August 2019, a suggestion of remand and transfer order was issued in the MDL, remanding the case back to this Court. Remand. The parties filed a Rule 26(f) report on the docket,

1

and the Court entered a scheduling order accordingly, which set a discovery completion date for May 26, 2021.  Dkt. 22.

After the case was remanded, the Court entered its chambers practices on the docket for the parties to review.  Chambers Prac., Dkt. 10.  Included in those practices is a procedure for raising discovery disputes.  *Id.* at 4.  This process includes the parties jointly contacting chambers to schedule a telephonic conference and submitting a short letter brief "1) describing the discrete legal issue in dispute and 2) applying the legal authority for each parties' position . . . ."  *Id.*

On January 19, 2021, the parties each filed letter briefs describing a discovery dispute about whether the Defendant can depose the Plaintiff's consulting expert.  Def.'s Letter, Dkt. 29; Pl.'s Letter, Dkt. 30.  The Defendant's letter indicates that at a recent deposition of the Plaintiff, the Plaintiff disclosed that she received a CT scan over the summer that shows that the IVC filter— that is central to this litigation—has perforated the wall of her IVC.  Def.'s Letter at 2.  The Defendant's later determined that Dr. Ramin Ahmadi ordered the CT scan and requested that 16 specific items about the filter be captured by the radiologist.  *Id.*  During the telephonic conference, the Defendant repeatedly identified the 16 specific items as the "protocol."  The Plaintiff states, and the Defendant does not dispute, that all Dr. Ahmadi did was order the CT scan and that he did not examine/speak with the Plaintiff, he did not meet/speak with the radiologist who conducted the CT scan, and he did not recommend treatment to/for the Plaintiff.  In simpler terms, Dr. Ahmadi simply ordered a CT scan.

The Defendant's letter indicates that Dr. Ahmadi is involved in similar litigation against the Defendant, where Dr. Ahmadi has ordered over 260 CT scans for other plaintiffs in those cases. *Id.* The Defendant has in at least three cases tried to depose Dr. Ahmadi, and in each instance the respective court prohibited such efforts. One such similar case was before the Eastern District of Washington, where the court held that the defendant could not depose Dr. Ahmadi because his sole involvement was signing a requisition for a CT Scan. *Berg v. C. R. Bard, Inc.*, 19-cv-3216, Dkt. 44 Order (E.D. Wash. Nov. 19, 2020). *See also Sweezy v. C. R. Bard. Inc.*, 19-cv-02172, Dkt. 93 Am. Order (N.D. Tex. Jan. 23, 2020) (finding that the Defendant did not present any binding authority to support its argument the Dr. Ahmadi is a "treating physician" and had not set forth "exceptional circumstances.").

The Defendant argues that it should be allowed to depose Dr. Ahmadi because he either is not a consulting expert as contemplated under Rule 26(b)(4)(D) or the Plaintiff waived the protections afforded under Rule 26(b)(4)(D) by putting Dr. Ahmadi's work at issue. Def.'s Letter. The Plaintiff argues that Dr. Ahmadi is a consulting expert entitled to the protections afforded by Rule 26(b)(4)(D) and she has not waived any of said protections. Pl.'s Letter.

II.   **LEGAL STANDARD**

Rule 26(b)(4)(D) provides that: "Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of

3

litigation or to prepare for trial and who is not expected to be called as a witness at trial."  An advisory note accompanying this rule cited to by the Defendant states that: "It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness."  Rule 26, Advisory Committee on the 1970 Amendments, at Subdivision (b)(4).

### III. ANALYSIS

#### A. Whether Dr. Ahmadi is Only a Consulting Expert

The first issue is whether Dr. Ahmad is a consulting expert as contemplated under Rule 26(b)(4)(D) or if he is an ordrinary fact witness that the Defendant can depose.  The Defendant argues that Dr. Ahmad is a fact witness because he ordered the CT scan, which included a specific protocol.  The Defendant also argues that in ordering a CT scan, Dr. Ahmadi made a medical determination—that the risks associated with obtaining a CT scan outweigh the benefits of obtaining the results of the CT scan—which the Defendant should be allowed to conduct discovery on.  The Plaintiff argues that Dr. Ahmadi is a consulting expert that it does not intend to call to be called as a witness. The Court agrees with the Plaintiff.

Dr. Ahmadi is a consulting witness in this case, as contemplated under Rule 26(b)(4)(D) because he was retained by the Plaintiff for the purposes of this litigation and is not expected to be called as a witness.  Further, by ordering a CT scan for the Plaintiff, Dr. Ahmadi did not become an "actor or viewer with respect

to transactions or occurrences that are part of the subject matter of the lawsuit." Rule 26, Advisory Committee on the 1970 Amendments, at Subdivision (b)(4). This is because Dr. Ahmadi has never examined, diagnosed, or treated the Plaintiff. Rather, he ordered a test that would reveal evidence that was already in existence— the condition of the Plaintiff's IVC filter. The condition of the Plaintiff's IVC filter is what is relevant, not the fact that a test was ordered. Nor is the question whether the risk of undergoing a scan outweighs the benefits to the Plaintiff at issue here.

During the teleconference on this dispute, the Court made several inquiries about what relevant information the Defendant expects could result from a deposition of Dr. Ahmadi. The responses were vague. Counsel merely stated it was relevant to the issue on design defect and damages. However, it was never made clear and the Court is unable to imagine a circumstance where anything Dr. Ahmadi says would be yield or take part in yielding relevant material evidence that would be admissible at trial. While the results of the CT scan are clearly relevant and discoverable, which the Defendant possesses, the mere ordering of the results is not.

The Defendant's counsel made several mentions that the "protocol" provided in Dr. Ahmadi's request for the CT scan is relevant, but again did not explain why. The protocol is not relevant, the results are. Because the Defendant has already received the results of the CT scan and can depose the radiologist who conducted the CT scan, Dr. Ahmadi's order of the scan is not relevant.

The Defendant's counsel also stated that under Connecticut medical regulations only a "treating physician" can order a CT scan. This was mentioned

5

for the first time during the conference and counsel did not have a citation to a regulation on the subject. When pressed on whether this rule matters, the Defendant's counsel would not concede whether its position that Dr. Ahmadi must be a treating physician controls this issue. Even if there is a regulation requiring only treating physicians to order CT scans, there is no reason to believe that what a medical regulation defines as a treating physician is relevant to determining what Rule 26(b)(4)(D) defines as a consulting expert. In other words, attaching the term "treating physician" to an expert who requests medical testing simply because medical regulations do, does not mean in practice that such physician is a fact witness. Equating terminology dangerously overlooks nuance. The nuance here is that Dr. Ahmadi is not the Plaintiff's treating physician because he has not examined, spoken with, diagnosed, or otherwise treated the Plaintiff. Whether medical regulations characterize him as a "treating physician" is not relevant here.

The Defendant letter cites to five out-of-circuit cases to support the proposition that Dr. Ahmadi is "an ordinary fact witness." These cases are not binding and are distinguishable. First, the Defendant cites to *In re Zofran (Ondansetron) Prod. Liab. Litig.*, 392 F. Supp. 3d 179, 186 (D. Mass. 2019), claiming the court permitted discovery of a so-called consulting expert and noting the "troublesome" nature of an arrangement where a party would engage a consulting expert, pay for that expert to create evidence upon which the party relies to support its claims, and then attempt to shield discovery of the consulting expert's involvement to "avoid the light of discovery and the adversarial process." However, in *Zofran* the issue was the turnover of the documentary evidence

resulting from the expert's involvement.  *Id.* ("the issue before the Court involves the production of documents, not interrogatories or a deposition.").  The *Zofran* court also found a basis for turnover based on "exceptional circumstances," "substantial need," and waiver based on litigation misconduct.  *Id.* This is distinguishable because the Defendant here does not allege that it has not received the results from the CT scan or any report relating to it.  There is no allegation that Dr. Ahmadi or the Plaintiff are withholding any documentary evidence relevant to this litigation. The Defendant also has made no claim of exception circumstances, substantial needed, of litigation misconduct.

Second, the Defendant cites to *In re Silica Prod. Liab. Litig.*, 398 F. Supp. 2d 563, 584 (S.D. Tex. 2005), claiming that the case laments "the mess that results when lawyers practice medicine and . . . diagnoses are more the creation of lawyers than of doctors" in products litigation, and noting that "so long as Plaintiffs are proffering the doctors and their diagnoses [to establish injuries and damages], Plaintiffs cannot claim the doctors are non-testifying."[1]  This citation does not provide legal authority for finding that Dr. Ahmadi is not a consulting expert; rather it appears to be a rebuke of consulting expert physicians who act as lawyers and lawyers who act as experts.  *Silicia* does not involve a challenge on whether an expert is a consulting expert or not.  Meaning, *Silicia* provides nothing to the determination on whether Dr. Ahmadi is a consulting expert witness or not.

Third, the Defendant cites to *Jones v. Celebration Cruise Operator, Inc.*, No. 11-61308-CIV, 2012 WL 1029469 at *1 (S.D. Fla., Mar. 26, 2012) claiming that the

---

[1] Though Defendant's pin cite for this case was to page 584 of the *Silica* decision, the cited to material was on page 635.

**7**

court allowed discovery of consulting expert physician who became involved in the plaintiff's treatment upon ordering an MRI scan of the plaintiff. However, in *Celebration Cruise* the expert did not simply order an MRI, he examined the plaintiff and gave her a recommended treatment. *Id.* at *3 (finding that the expert witness "appears to have recommended a proposed treatment different from that of any of Plaintiff's prior health provided . . . and took on the role of a treating physician."). Meaning *Celebration Cruise* is also distinguishable because Dr. Ahamdi simply ordered the CT scan; he has not examined, diagnosed, or attempted to treat the Plaintiff.

Fourth, the Defendant cites to *Delcastor, Inc. v. Vail Assocs., Inc.*, 108 F.R.D. 405, 408 (D. Colo. 1985) claiming the court found that an expert who was a witness to facts salient to the underlying case was subject to discovery under ordinary discovery practices. *Delcastor* is distinguishable because the expert witness was going to be a testifying witness and was present at the scene of the event the day after it occurred and observed then reported his firsthand observations. *Id.* Here, Dr. Ahmadi simply ordered the CT scan; he is not expected to be called as a witness, he had no direct involvement in the placement of the IVC filter or any treatment relating to the placement of the IVC filter.

Fifth and last, the Defendant cites to *Classic Soft Trim, Inc. v. Albert*, No. 618CV1237ORL78GJK, 2020 WL 6730978, at *1 (M.D. Fla. Oct. 8, 2020) stating that the court found that a consulting expert who designed ESI searches for use in responding to a subpoena became a fact witness, reasoning that a purported consulting expert for the specific purpose of creating evidence necessary to move

the litigation forward indicated that the expert was really a fact witness who is subject to discovery.  This is distinguishable because Dr. Ahmadi did not create discovery, he simply ordered a CT scan.  Dr. Ahmadi ordered a test that reveals information that already exists but is impossible to view without advanced testing.  Had he performed the CT scan or interpreted the result, then *Classic Soft* may be of relevance.  But that is not the case here.

Therefore, the Defendant may not depose Dr. Ahmadi because Dr. Ahmadi is a consulting expert as contemplated under Rule 26(b)(4)(D), the Defendant has not established any relevant material evidence that would come from such deposition, and the Defendant has not provided binding or analogous case law supporting its argument.

B. <u>Whether the Plaintiff Waived the Rule 26(b)(4)(D)</u>

The Defendant argues that, even if Dr. Ahmadi is a consulting expert the protections afforded have been waived when the Plaintiff put his work at issue.  The Defendant cites to *Corker v. Costco Wholesale*, No. C19-0290RSL, 2020 WL 5759788, at \*\*1–2 (W.D. Wash. Sept. 28, 2020) and *Celebration Cruise*, 2012 WL 1029469 at \*4.  In *Corker*, the Western District of Washington court held that "[a]lthough expert reports and other such documents prepared for or in anticipation of litigation are normally covered by the attorney-client and work product privileges, these protections can be waived if a party puts the privileged communication at issue by relying on it to support a claim or defense." 2020 WL 5759788 at \*1.  The court in *Corker* concluded that the plaintiff did waive the privilege because the plaintiff relied on the scientific testing as a factual basis for

9

one of its claims. *Id.* *Corker* is distinguishable because there is no allegation that the Plaintiff intends to rely on Dr. Ahmadi's order of a CT scan to support any of her claims. In other words, the actual order of the CT scan is not the issue, the issue here is the results of the CT scan. The Defendant already has in its possession the results of the CT scan, can depose the radiologist who conducted the CT scan, and can hire its own expert witness to interpret the CT scan. *Celebration Cruise* is also distinguishable as discussed above.

Therefore, the Plaintiff has not waived the protections afforded to consulting experts because the Plaintiff has not put Dr. Ahmadi's ordering of a CT scan at issue and the Defendant has not provided binding or analogous case law supporting its argument.

## IV.  CONCLUSION

For the aforementioned reasons and the reasons articulated on the record during the discovery dispute status conference, the Defendant may not depose Dr. Ahmadi because he is a consulting expert protected under Rule 26(b)(4)(D) and the Plaintiff has not waived such protections.

IT IS SO ORDERED.

                                                     Hon. Vanessa L. Bryant
                                                   United States District Judge

Dated this day in Hartford, Connecticut: February 5, 2021